BOEHM, J.,
concurring in part and dissenting in part.
I agree with the majority that the trial court was not bound by the agreement between Haltom and his victim. But the parties (the vietim, Haltom, and Haltom's insurer) can be bound by contract. Accordingly, what happens to the money if the court orders any restitution should be viewed as a matter of private contract that can be agreed among Haltom, his insurer, and the victim. As I see it, it was arguably a breach of contract for the victim to seek restitution after having agreed that the payment from Haltom's insurer was in full satisfaction of her claims against Hal-tom. Unlike the Court of Appeals, however, I would not give Haltom the benefit of that breach, if that is what it was.
Even if the victim was in breach in seeking restitution, the trial court could have ordered it on its own initiative, or the prosecution could have requested it. I would leave it to the victim and Haltom's insurer to duke out who gets what under these cireumstances. If there is in fact a collectible judgment against Haltom, who gets the benefit could have been resolved by agreement concurrent with the initial settlement of the victim's claim against Haltom. Or, as appears to be the case here, it could have been left open to future resolution, in which case ordinary principles of estoppel, indemnity and subrogation apply. Either way, it seems to me that most of the issues the Chief Justice identifies disappear because both the insurer and the victim will settle the tort claim against Haltom, or not, based on their valuations of that claim, plus the value, if any, they assign to the prospect of a restitution award that is agreed to benefit that party. Whoever gets the benefit of any restitution award, it will not reduce the net payment to the victim below the negotiated settlement amount. Nor should it inure to Haltom's benefit, if it is to serve its purpose of compensating one who has been harmed by the crime, at least in the absence of an explicit provision in the settlement agreement that requires remitting any restitution award to him.